# IN THE COURT OF APPEALS OF IOWA

No. 21-1725
Filed August 31, 2022

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**MCKINLEY DUDLEY, JR.,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Cerro Gordo County, Karen Kaufman Salic, District Associate Judge.

A defendant appeals his sentence following a plea of guilty to operating while intoxicated, third offense, as a habitual offender. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Rachel C. Regenold, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

McKinley Dudley Jr. appeals his sentence following his guilty plea to operating a motor vehicle while intoxicated (OWI)—third offense, as a habitual offender, a class "D" felony, in violation of Iowa Code sections 321J.2(2)(c), 902.8, 902.9(1)(c) (2021). Dudley claims the district court abused its discretion by imposing a prison sentence.

On April 9, 2021, Dudley was charged by trial information with OWI, third offense, as a habitual offender, a class "D" felony; eluding or attempting to elude a pursuing law enforcement vehicle, a serious misdemeanor; and driving while license was revoked or denied, a serious misdemeanor. Dudley entered into a plea agreement with the State that required Dudley to plead guilty to the OWI, third offense, as a habitual offender, in exchange for dismissal of the other charges. There was no agreement as to sentencing. The presentence investigation report recommended a prison sentence under the OWI continuum.[1] The State recommended a fifteen-year prison term with a mandatory minimum sentence. Dudley requested that he be granted probation and substance-abuse treatment pursuant to Iowa Code section 321J.3(2)(a) or 321J.24. At the sentencing hearing in November, the district court sentenced Dudley to fifteen years in prison, with a mandatory minimum of three years. Dudley appeals from this sentence.[2]

---

[1] *See* Iowa Code section 904.513(1) (directing the department of corrections to establish continuum of OWI programming under chapter 321J).

[2] As Dudley received a sentence that was neither mandatory nor agreed to as part of a plea bargain, he satisfies the good cause requirement for a direct appeal. *See State v. Damme*, 944 N.W.2d 98,105 (Iowa 2020).

Our review of a sentence imposed in a criminal case is for correction of errors at law. Iowa R. App. P. 6.907; *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002). We will not reverse the decision of the district court absent an abuse of discretion or some defect in the sentencing procedure. *Formaro*, 638 N.W.2d at 724. "[T]he decision of the district court to impose a particular sentence within the statutory limits is cloaked with a strong presumption in its favor, and will only be overturned for an abuse of discretion or the consideration of inappropriate matters." *Id.* An abuse of discretion will not be found unless we are able to discern that the decision was exercised on grounds or for reasons that were clearly untenable or unreasonable. *State v. Loyd*, 530 N.W.2d 708, 713 (Iowa 1995). Iowa Rule of Criminal Procedure 2.23(3)(d) requires a trial court to state on the record its reasons for selecting a particular sentence. "Although the reasons need not be detailed, at least a cursory explanation must be provided to allow appellate review of the trial court's discretionary action." *State v. Jacobs*, 607 N.W.2d 679, 690 (Iowa 2000).

Dudley does not allege the district court relied on any impermissible factors at sentencing. He does not point to any defect in the sentencing procedure. Rather, he merely disagrees with the sentence imposed. Dudley's sentence is within the statutory limits. And upon our review of the sentencing proceeding, we find the sentencing court considered multiple relevant factors in determining Dudley should be incarcerated rather than being granted probation and fully stated the reasons for imposition of the prison sentence on the record. We find no abuse of discretion and affirm.

**AFFIRMED.**